## Lawrence v. Philadelphia

· *S. Regen Ginsburg*, for plaintiff.

*Israel K. Levy*, assistant city solicitor, and *Abraham L. Freedman*, city solicitor, for City of Philadelphia.

SMITH, P. J., October 15, 1953.—Plaintiff has brought an action in trespass against the City of Philadelphia to recover damages for personal injuries alleged to have been suffered by him on November 11, 1951, at the intersection of Rising Sun Avenue and Fisher Avenue in the City of Philadelphia, as the result of being struck and injured by a city motor vehicle.

Defendant, City of Philadelphia, filed an answer to the complaint in which it averred that its motor vehicle did not strike or injure plaintiff, but that when it arrived at the intersection plaintiff had already been injured and that the driver of its motor vehicle stopped to give aid to the plaintiff. Plaintiff then filed a petition for leave to file and serve 11 interrogatories upon the city, defendant. The city agrees to the propriety of interrogatory 5, which is: Was Hugh M. French alone at the time of the accident, or accompanied by others, and if accompanied by others, give the name and address of such person or persons? The City of Philadelphia will give such information to plaintiffs. It however objects to the allowance of the 10 other interrogatories.

Interrogatory no. 1 asks the exact type and size of the motor vehicle operated by Hugh M. French, defendant's employe, who plaintiff alleges was involved in this accident. The answer filed by defendant avers that no motor vehicle of the city was involved in any collision with plaintiff. This becomes an issue of fact with the duty devolving on plaintiff at trial to prove by a fair preponderance of the evidence that a motor vehicle of the city negligently operated by its agent or employe was the proximate cause of the accident. We believe that it is irrelevant and immaterial to the subject matter of this action to have an answer to interrogatory no. 1.

No. 2—For the same reason we deny the right of plaintiff to have an answer to interrogatory No. 2.

No. 3—For the same reason we deny the right of plaintiff to have an answer to interrogatory No. 3.

No. 4—For the same reason we deny the right of plaintiff to have an answer to interrogatory No. 4.

No. 5—The court believes that defendant should answer interrogatory no. 5 insofar as it applies to the identity and whereabouts of witnesses.

No. 6—The court is of the opinion that the city does not have to furnish a photograph of any of its motor vehicles or to permit one to be taken, as a result of the averment in its answer. In addition it would violate the provisions of the Philadelphia Home Rule Charter in that it would disclose the records of the city, which may be presented by the Law Department of the city for use in this action against it.

No. 7—If the answer of the city is that no one of its motor vehicles was involved in an accident with plaintiff, interrogatory no. 7 is immaterial and irrelevant to this issue. In addition, it would violate the provisions of the Home Rule Charter of the city because it would involve a disclosure of records of the city which are prepared for use by the Law Department of the city and are not available for public inspection.

No. 8—This interrogatory is irrelevant and immaterial. The city in its answer does not deny that at the time of the accident H. M. French was an agent of the city.

No. 9—This interrogatory is irrelevant and immaterial. In addition it would disclose the existence of information made or prepared by the city in anticipation of litigation or in preparation by it for trial. The City Charter of April 17, 1951, section 5-1104, effective January 7, 1952, provides:

"Public Right to Inspection. City records, the disclosure of which would invade a person's right to pri-

vacy, hinder law enforcement, endanger the public safety, or breach a legally recognized duty of confidence, or the nondisclosure of which is legally privileged, or which have been prepared for or by the Law Department for use in actions or proceedings to which the City is or may be a party, shall not be available for public inspection. Except as herein provided, all other City records shall be open for public inspection but the officer, department, board or commission or other governmental agency of the City having the care and custody of such records may make reasonable regulations governing the time, place and manner of their inspection and for the purposes of archival preservation, copies of City records may be substituted in lieu of original records."

No. 10—This interrogatory is irrelevant and immaterial for the reasons advanced in answer to interrogatory No. 9.

No. 11—This interrogatory is irrelevant and immaterial. It also violates the provisions of section 5-1104 of the Home Rule Charter, supra.

The burden is on plaintiff to show that the motor vehicle of the city operated by its agent struck and injured plaintiff. The city does not deny that it owned a motor vehicle or the agency of the operator of the motor vehicle. It does aver that it did not own or operate by its agent any motor vehicle which struck the automobile of plaintiff. That is a definite denial. The burden is on plaintiff to prove that it did own and operate a vehicle which struck plaintiff's car.

### Order

And now, to wit, October 15, 1953, it is ordered and decreed that interrogatories nos. 1, 2, 3, 4, 6, 7, 8, 9, 10, and 11 are refused and disallowed. Interrogatory no. 5, insofar as it relates to identity of witnesses and their whereabouts, is allowed.